UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Michael S. Kimm, Esq. (MK4476)
Adam Garcia, Esq.
KIMM LAW FIRM
333 Sylvan Avenue, Suite 106
Englewood Cliffs, New Jersey 07632
T: 201-569-2880
*Attorneys for Plaintiffs*

| | |
|---|---|
| YOUNG TAE KIM, for himself and for all others similarly situated,<br><br>    Plaintiffs,<br> vs.<br><br>MARCH HEALTH FOOD, INC.,  DONG HWAN KIM, and JOHN DOES 1–5,<br><br>    Defendants. | 16-CV-_____<br><br><br><br>**Complaint for Collective and Class Action for Wage and Hour Violations, With Jury Demand** |

Named Plaintiff Young Tae Kim, on behalf of himself and all others similarly situated, for this collective-action and class-action complaint against the above-named defendants, state upon knowledge except where stated upon information and belief:

## THE PARTIES

1. At all relevant times, Named Plaintiff Young Tae Kim was and is an individual who is a domiciliary and resident of New Jersey and resides in Palisades

Park, New Jersey.

2. At all relevant times defendant March Health Food, Inc., was and is a business entity believed to be organized under New Jersey law. It maintains an address at 200 Liberty Street, Little Ferry, New Jersey. At all relevant times, this defendant was and still is engaged in the business of operating a food and beverage wholesale distribution business mainly in New York City and surrounding areas.

3. At all relevant times, defendant Dong Hwan Kim was and is an individual who is believed to be an officer, director, shareholder or otherwise responsible person who managed labor affairs on behalf of March Health Food, Inc.

4. John Does 1 through 5 are individuals who are believed to be Named Plaintiff's employer within the meaning of the Fair Labor Standards Act ("FLSA") and/or the New York Labor Laws ("NYLL"), but whose exact identities are presently unknown to Named Plaintiff and who may be joined later in the action.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this action as it arises under federal law under 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216(b), as it implicates the Fair Labor Standards Act. State claims are appropriate under the supplemental jurisdiction statute 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(1), (2) because substantial events or omissions occurred in this district and defendants transact

2

business in this district.

## BACKGROUND

6. Until approximately September 30, 2016, Named Plaintiff was an employee of defendants.  Named Plaintiff worked for several years as a driver and then as a "sales associate" of defendants in connection with defendants' sale and distribution of soda and other liquid products to retail stores in the New York City area, primarily Manhattan, Queens, Brooklyn and secondarily to New Jersey.

7. Named Plaintiff is one of many similar individuals charged with identical or substantially identical work duties, who were employed through defendants.

8. Named Plaintiff worked more than 8 hours a day, routinely worked overtime, and was not paid proper overtime wages.  Named Plaintiff received a "weekly salary" that covered 40 hours of work and failed to account for substantial overtime work.  Named Plaintiff was denied lawful wage and hour benefits including overtime, spread of hours, and any other applicable benefit.

9. Defendants failed to provide each Named Plaintiff with accurate W2 wage statements at the end of each years; failed to provide accurate weekly pay records and computations; and failed to provide Named Plaintiff with the employer contribution for social security and other benefits to which he was entitled.

10. Defendants have not provided a proper weekly breakdown of the hours

3

worked, wages earned, overtime or spread of hours earned. Defendants have failed to retain records of hours worked by Named Plaintiff and all other employees who are similarly situated with Named Plaintiff. Defendants failed to keep Named Plaintiff's and other employees' work hours from the moment they began activities that benefitted the employer until they were no longer so engaged. The aggregate of such times was routinely more than 13 hours a day, at least five days a week, all holidays, with no paid vacation day in almost 9 years of work, no personal day, no sick day.

11.   Upon information and belief, defendants are engaged in activities in or affecting interstate commerce, and each is generating yearly revenues well in excess of the $500,000 requirement under the applicable statute. Upon information and belief, defendants generate approximately $180,000 to $200,000 in weekly revenue or approximately $10 million a year.

12.   Due to defendants' violations, Named Plaintiff and all persons who are similarly situated has sustained financial losses.

## COLLECTIVE ACTION ALLEGATIONS

13.   Defendants applied essentially the same pay calculus for all other employees as in Named Plaintiff's case. Named Plaintiff's colleagues have similarly been suffered to work, with denied wages and hours, denied spread of hours and denied benefits under the labor laws, as a group.

14.   Named Plaintiff and others who are similarly situated as name plaintiff are not executive, professional or otherwise exempt from the wage and hour laws.  In essence, Named plaintiff and others who are similarly situated as Named plaintiff, are food service support personnel whose time is controlled by their employers as wage earners; whose duties are required to be followed by employees according to the employers' dictates and policies; and Named plaintiff was required to attend weekly meetings in which policy and practice was reviewed and enforced by the employers.

15. Named plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all collective action plaintiffs who are similarly situated.

16. Specifically, Named plaintiff seeks to represent a class of all persons who worked or work for defendants as "weekly salaried employee" and who were/are subject to defendants'  unlawful compensation practices and policies at any point from six years prior to the filing of this action the present (members of this putative class are referred to as "Collective Action Plaintiffs").

17. Named plaintiff's claims are typical of the claims of Collective Action Plaintiffs because the Named plaintiff, like all Collective Action Plaintiffs, was an employee of defendants who were not paid proper wages as required by the FLSA and the NYLL in the last six years.

18. Named plaintiff will fairly and adequately protect the interests of Collective Action Plaintiffs, because Named plaintiff's interests are consistent with, and not antagonistic, to those of the Collective Action Plaintiffs.  Named plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage and hour and other labor and employment disputes.

19. No difficulties are likely to be encountered in the management of this collective action that would preclude its maintenance as a collective action. The class will be easily identifiable from defendants' business records, along with their contact information.

20. Similarly-situated employees are known to defendants, are readily identifiable by defendants, and can be located through defendants' business records. Named plaintiff does not know the exact size of the potential class, as such information is in the exclusive control of defendants; however, on information and belief, the number of potential class members is estimated to be 40 or more.

21.  Questions of law and fact that are common to the members of the collective group predominate over questions that affect only individual members of the group.  Among the questions of law and fact that are common to the collective group is whether defendants failed to pay the putative collective group the required wages for all hours worked, plus over time, and any other compensation due,

6

including liquidated damages.

22. Collective Action Plaintiffs include those who were not paid proper hourly wages, overtime, and lunch hour.  Despite the promise of a one-hour lunch break, in reality, plaintiff and others who are similarly situated were expected to work, and in fact worked, during the lunch hour because that was deemed the "busiest period" of the work day.  All Collective Action Plaintiffs were required to work far more hours than 40 a week and to effectively surrender their lunch hour due to required peak-time productivity.  In all, the Collective Action Plaintiffs routinely worked work days of 13 hours or more, at least five days a week.

23.  For the foregoing reasons, Named plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated as to the following collective issues:

      A.      Defendants' failure to pay proper overtime wages;

      B.      Defendants' failure to pay lunch hour wages;

      C.      Defendants' failure to pay spread of hours;

      D.      Defendants' failure to pay the employer contribution to social security and other benefits;

      E.      Defendants' failure to keep and provide to each employee proper wage and hour records.

## CLASS ACTION ALLEGATIONS

24.  The foregoing paragraphs are adopted by reference and incorporated.

25.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named plaintiff brings this action on behalf of himself and those similarly situated with him ("Class Plaintiffs").   Specifically, Named Plaintiff seeks to represent a class of all persons who worked or work for defendants in the past four years and who were not paid lawful compensation for their hours.

26. The class is so numerous that the joinder of all class members is impracticable.   Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of defendants; however, on information and belief, the number of potential class members is estimated to be sufficiently high that individual joinder is not practicable.

27.  Named Plaintiff's claims are typical of the claims of the putative class members, because each Named Plaintiff, like all Class Plaintiffs, was an employee of defendants and has been damaged as a result of defendants' violation of the FLSA while defendants-employers have been unjustly enriched through wage theft or knowing miscomputation or other artifice.

28.  Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not

antagonistic to, those of the class.  Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes and is fully able to pursue this action.

29.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from defendants' business records.  Upon information and belief, defendants maintain business records in the form of "Job Assignments" which are maintained on a daily, weekly, monthly and yearly bases, which show the employees' names, work location, the routes serviced, the revenues associated with each employee's performance and so forth, and other relevant business information, within defendants' computer systems and in their books and records.

30.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for defendants.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual

putative class members to maintain separate actions against defendants.

31.   Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are:

        A.   Defendants' failure to pay proper overtime wages;

        B.   Defendants' failure to pay lunch hour wages;

        C.   Defendants' failure to pay spread of hours;

        D.   Defendants' failure to pay the employer contribution to social security and other benefits;

        E.   Defendants' failure to keep and provide to each employee proper wage and hour records.

32.   Defendants and each of them have been unjustly enriched at Class Plaintiff's expense because of their policy of underpaying the employees by paying a purported lump sum "weekly salary" regardless of the total "hours worked" and the "regular rate of pay"; under-counting the hours worked; and deliberately failing to keep wage and hour records; failing to provide weekly review/accounting of wages earned; and failing to pay employer contributions of social security tax and other benefits. Therefore, Named Plaintiff should be permitted to bring claims as a class action on behalf of himself along with the class mentioned above.

## CLAIMS FOR RELIEF

### Count One – FLSA Wage and Hour Violations

33.  The foregoing paragraphs are incorporated by reference.

34.  By reason of the foregoing, defendants, as employer and supervisor, owner, manager, or other person of responsibility of Named Plaintiff and Collective Action Plaintiffs, committed one or more violations of the federal wage and hour laws by deliberately underpaying Named Plaintiff and others who are similarly situated including:

      A.    Defendants' failure to pay proper overtime wages;

      B.    Defendants' failure to pay lunch hour wages;

      C.    Defendants' failure to pay spread of hours;

      D.    Defendants' failure to pay the employer contribution to social security and other benefits;

      E.    Defendants' failure to keep and provide to each employee proper wage and hour records.

### Count Two – NYLL Wage and Hour Violations

35.  The foregoing paragraphs are incorporated by reference.

36.  By reason of the foregoing, defendants have violated the New York State Labor Law and in particular the wage and hour provisions by failing to pay proper

wages, proper overtime, spread of hours, and by failing to provide proper documentation and accounting of employees' wages and hours.

37.   Due to defendants' violations, Named Plaintiff and others who are similarly situated have sustained losses while defendants-employers have unjustly benefitted from the unfair wage payment practices.

## Count Three – Failure to Make Employer Contribution to Social Security and Other Benefits

38.   The foregoing paragraphs are incorporated by reference.

39.   Defendants failed to make employer contributions to each employee's social security benefit and other benefits to which each employee was entitled at the relevant times.

## Count Four – Failure to Keep and Provide Proper Records

40.   The foregoing paragraphs are incorporated by reference.

41.   Defendants failed to keep proper record of each employee's work hours and lunch hours and other intervals of the work day which was spent on behalf of the employer(s).

## Count Five – Retaliatory Discharge

42.   The foregoing paragraphs are incorporated by reference.

43.   Days before Named Plaintiff was fired, he was told to work an addition day

which would have amounted to working in excess of 60 to 65 hours per week, without additional compensation or overtime. Named Plaintiff requested appropriate compensation and defendants told Named Plaintiff that he was old, feeble, and unable to handle the kinds of work that several other recently-hired, much younger associates "are able to handle," according to the owner defendant. Thus, for the assertion of his lawful wage request, Named Plaintiff suffered retaliation and retaliatory discharge. In addition, for the assertion of his lawful wage request, Named Plaintiff was replaced with significantly younger associates, including those who were younger by twenty years or more, as part of defendants' age discrimination.

WHEREFORE, Named Plaintiff demands for himself and all others who are similarly situated, on whose behalf this action is also brought, money judgment against the defendants, as follows:

A.    Conditionally certifying the case as a collective action, and as a class action;

B.    Permanently certifying the case as a collective action and class action;

C.    Granting compensatory damages for unpaid wages and benefits, punitive damages, liquidated damages, spread of hours, and other compensatory and remedial remuneration;

D.    Granting declaratory judgment that  Named Plaintiff and all other

13

Plaintiffs were employees of defendants, if disputed by defendants;

E.    Granting pre-judgment and post-judgment interest;

F.    Granting punitive damages;

G.    Granting legal fees; other professional fees; costs; and

H.    Any other relief the Court deems just and proper under the circumstances.

## <u>JURY DEMAND</u>

Pursuant to Rule 38 of the Federal Civil Rules, Named Plaintiff respectfully requests a trial by jury.


Dated: October 12, 2016                    /s/ Michael S. Kimm

                                           Michael S. Kimm
                                           Adam Garcia
                                           KIMM LAW FIRM
                                           333 Sylvan Avenue, Suite 106
                                           Englewood Cliffs, New Jersey 07632
                                           T: 201-569-2880
                                           *Attorneys for Plaintiffs*