USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/26/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YOUNG TAE KIM, for himself and for all others similarly situated,

                Plaintiff,

-against-

MARCH HEALTH FOOD, INC., *et al.*,

                Defendants.

16cv7990 (DF)

**ORDER OF DISMISSAL**

**DEBRA FREEMAN, United States Magistrate Judge:**

In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before the Court for approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). Plaintiff has also submitted a letter to the Court, explaining why the parties believe the proposed settlement agreement is fair, reasonable, and adequate. (Dkt. 59.) The Court has reviewed Plaintiff's submission in order to determine whether the proposed agreement (Dkt. 59-1) represents a reasonable compromise of the claims asserted in this action, and, in light of the totality of the relevant circumstances, including the representations made in Plaintiff's letter, the terms of the proposed settlement agreement, and the Court's own familiarity with the strengths and weaknesses of the parties' positions (as became evident during mediation sessions conducted by this Court), it is hereby ORDERED that:

1. The Court finds that the terms of the proposed settlement agreement are fair, reasonable, and adequate, both to redress Plaintiff's claims in this action and to compensate Plaintiff's counsel for their legal fees, and the agreement is therefore approved.

2. The Court notes that the proposed settlement agreement expressly contemplates that this Court will retain jurisdiction over this action for purposes of enforcement of the agreement. (*See* Dkt. 59-1 ¶ 6.) In light of this, and in order to effectuate the evident intent of the parties, this Court will retain jurisdiction over this matter for the purpose of enforcing the settlement agreement.[1]

3. As a result of the Court's approval of the parties' executed settlement agreement, this action is hereby discontinued with prejudice and without costs or fees to any party. The Clerk of Court is directed to close this case on the Docket of the Court.

Dated: New York, New York
November 26, 2019

SO ORDERED

*[signature]*

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)

---

[1] The Court also notes that the proposed settlement agreement, as drafted by counsel, includes a signature line for the Court – seemingly inviting the Court to "So Order" the agreement and thereby render it enforceable by contempt sanctions. Even though, as stated above, this Court will retain jurisdiction to enforce the parties' agreement, the Court declines to transform the parties' agreement into a Court order, absent an explicit request that manifests the parties' clear understanding of the consequences of the Court's doing so.

2